# Court of Appeals
# of the State of Georgia

ATLANTA, <u>February 11, 2026</u>

*The Court of Appeals hereby passes the following order:*

**A26D0319. RASHUNDRA YOUNG v. DEKALB LEASING HOUSING ASSOCIATES I, LLP d/b/a THE MERIDIAN.**

DeKalb Leasing Housing Associates I, LLP d/b/a The Meridian filed a dispossessory action in magistrate court against Rashundra Young. The magistrate court purportedly entered judgment granting DeKalb Leasing a writ of possession. Young then filed this application for discretionary appeal of the magistrate court's order. However, this application must be dismissed.

First, the copy of the magistrate court order Young submitted to this Court is not stamped "filed," meaning we have no way of knowing whether or when the magistrate order was entered. See *State v. White*, 282 Ga. 859, 860(1) (655 SE2d 575) (2008) ("Even though an order may be signed, it is not considered to have been entered and, thus, does not become effective until it is filed with the clerk."). On January 23, 2026, this Court issued an order requiring Young to supplement her application with a stamped "filed" copy of the magistrate order. Our order further informed Young that failure to file such a copy of the magistrate order within 10 days of the date of the order would result in the application's dismissal. Young's failure to comply with this order requires that her application be dismissed.

Moreover, ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b), which provides for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023). Where a timely application for discretionary appeal represents an attempt to appeal a magistrate order, this Court will occasionally transfer that

application to the magistrate court with direction to send the appeal to state or superior court. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere"); OCGA § 5-3-4 (a) (granting superior and state courts appellate jurisdiction over final judgments of lower judicatories). Here, we cannot determine whether or when the magistrate order was entered, and therefore, decline to transfer the application. For these reasons, the application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  *02/11/2026*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*